WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01325-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Edward Mendoza, | |
| Defendant. | |

Before the Court is Defendant Edward Mendoza's *pro se* request for early release from supervised release.[1]  (Doc. 59).  The Government has filed a Response, objecting to his request. (Doc. 61).  Defendant's probation officer supports his request.  For the reasons stated herein, the Court must deny Defendant's request.

**I.    Background**

On October 20, 2015, a federal grand jury returned an Indictment charging Defendant with two counts for sexual abuse of a ward under 18 U.S.C. § 2243(b). (Doc. 1). On September 19, 2016, he entered a guilty plea to Count 1 of the Indictment.  In his plea agreement, Defendant admitted that from February 1, 2015, through April 2, 2015, he was a Correctional Officer for the Federal Bureau of Prisons where he supervised male and female inmates. (Doc. 29 at 7).  He admitted that during that time, while at the women's facility, he engaged in sexual abuse with an inmate who was in official detention and under the custodial, supervisory, and disciplinary authority of prison officials, including himself.

---

[1] Defendant Mendoza is not on probation; rather, he is on supervised release following his custody term.

(*Id.*)  Specifically, the Defendant admitted to having sexual intercourse with the victim/ward while in the UNICOR building.  (*Id.*)  On March 22, 2017, this Court sentenced Defendant Mendoza to a sixteen-month term of custody to be followed by five years on supervised release.  (Doc. 49).

Defendant Mendoza's five year supervised release term will end in June 2023, approximately one year from now.  In support of his request for early termination, he states that he paid all fines and restitution, has been law-abiding, went back to college, and earned his associates degree.  (Doc. 59).  He further states that he has been employed full-time and that he has reconciled with his family.  (*Id.*)  The assigned probation officer agrees with these statements, and the Government does not dispute his efforts.  (Doc. 61 at 7).  Furthermore, the Defendant expresses remorse for his conduct.  (Doc. 59 at 1–2).

The Court acknowledges Defendant's compliance with his supervisory release terms, and it recognizes the efforts he is making and has made toward rehabilitation.  His efforts do not, however, permit the Court to grant his request because the law does not permit the Court to do so.

**II.     Law and Analysis**

Under 18 U.S.C. § 3583(e)(1), "after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may **terminate** a **term** of **supervised release** 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)) (emphasis added).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a **district court** enjoys **discretion** to consider a wide range of circumstances when determining whether to grant early **termination**."  *Id.* (quoting 18 U.S.C. § 3583(e)(1)) (emphasis added).  However, 18 U.S.C. § 3583(k) states that "the authorized term of supervised release . . . for any offense under section . . . 2243 . . . is any term of years **not less than 5**, or life." (Emphasis added). The minimum mandatory dictate is "notwithstanding subsection (b)," which sets the term of supervised release based upon the

class of felony. *Id*. Additionally, though advisory, U.S.S.G. 5D1.2(c) states that the term of supervised release imposed shall be not less than any statutorily required term of supervised release. Thus, because Defendant was convicted of one of the listed § 3583(k) offenses, it is presumed that he is required to serve "not less than 5" years on supervised release.

The Government points out the tension between § 3583(e)(1) and § 3583(k). They note, and the Court observes, that Ninth Circuit case law is non-existent as to how to reconcile the two statutes. However, the Court is guided by other court opinions that have. First, in *United States v. Legan*, the district court observed that § 3583(k) was enacted to increase penalties for certain sex offenses. 2018 WL 6441046, at *4 (D. Mont. Dec. 7, 2018) (remanded on other grounds in *United States v. Legan*, 805 F. App'x 515 (9th Cir. 2020)). The district court reasoned that in providing for a mandatory minimum supervised release term in that statute, Congress curtailed the judicial discretion that is otherwise appropriate in all other cases. *Id*. Though the *Legan* court did not address the apparent conflicts in § 3583(k) and § 3583(e), another district court denied a defendant's early supervised release termination request because the defendant had "served only thirty months of his supervised release which does not meet the mandatory five year minimum required under § 3583(k)." *United States v. Todd*, 2021 WL 2639034, at *2 (D. Idaho June 25, 2021).

Defendant was convicted of 18 U.S.C. § 2243(b), a crime that carries a minimum five year supervised release term pursuant to § 3583(k). So, despite his progress, he must complete that minimum term. Finally, the Court's opinion is supported by its analysis of the § 3553(a) factors at time of sentencing, which included Defendant's abuse of position, adding to the victim's vulnerability and rendering her incapable of consenting to the acts. And, as mentioned above, Defendant himself recognized that the five year supervised release term applied to his conduct.

/ / /

/ / /

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion for Early Termination of his Supervised Release (Doc. 59).

Dated this 6th day of June, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge